```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
ANTHONY RULLAN,                     :
                                    :
         Petitioner,                :   Civ. No. 16-2332 (NLH)
                                    :
     v.                             :   OPINION
                                    :
THE STATE OF NEW JERSEY, et al.,    :
                                    :
         Respondents.               :
_____ :

Anthony Rullan, #723994-561599B
South Woods State Prison
215 Burlington Road
Bridgeton, NJ 08302
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Anthony Rullan, a prisoner currently confined at the South Woods State Prison in Bridgeton, New Jersey, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (ECF No. 1). In an Order dated June 8, 2016, this Court directed Petitioner to show cause why his Petition should not be dismissed for failure to exhaust state remedies. (ECF No. 2). Petitioner filed his Response to the Order to Show Cause on or about June 23, 2016. (ECF No. 3). For the reasons set forth below, the Petition will be dismissed without prejudice for failure to exhaust available state court remedies.

I. BACKGROUND

Petitioner was convicted in New Jersey state court of two counts of offensive touching, one count of endangering the welfare of a child, and two counts of sexual assault. (Pet. 2, ECF No. 1). Petitioner clarifies in his Response to the Order to Show Cause that the date of his conviction was September 23, 2011. (ECF No. 3). He was sentenced on December 20, 2011. (Pet. 2, ECF No. 1). Petitioner's conviction was affirmed on direct appeal on September 14, 2015, see State v. A.R., No. A-3286-11T1, 2015 WL 5446690, at *1 (N.J. Super. Ct. App. Div. Sept. 14, 2015), and the New Jersey Supreme Court denied certification on January 15, 2016, State v. A.R., 224 N.J. 124, 129 A.3d 329 (2016). See also (Pet. 3, ECF No. 1). Petitioner contends that he filed a petition for post-conviction relief ("PCR") on February 10, 2016 which "has not been heard or yet decided." (Id. at 13). Petitioner then filed the instant petition[1] for a

---

[1] The Court notes that Petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was given Case No. 15-140. However, the petition filed in that case references a different New Jersey State Court case, Case No. A-1828-12T3, with a conviction date of March 14, 2007, and a sentencing date of March 28, 2008. Moreover, Petitioner clarifies in his response to the Order to Show Cause that there exist two separate convictions involving similar allegations and the same parties. (Pet'r's Resp. 3, ECF No. 3). Therefore, although the grounds for relief asserted in both petitions are similar, it appears that the petition in Case No. 15-140 challenges a separate New Jersey State conviction and is properly docketed as a separate case. See 28 U.S.C. § 2254 Rule 2(e) ("A petitioner who seeks relief from judgments of more than

2

writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), which is dated April 22, 2016.

The Court construes the Petition as asserting three grounds for relief based on ineffective assistance of counsel.[2] Namely, Petitioner alleges that he directed his defense counsel to relay to the jury the factual predicate behind the testimony of three of the State's witnesses: Alexcia, Antonio, and Alyssa. Presumably, his defense counsel failed to follow this direction. Petitioner asserts that the outcome of his trial would have been different had the jury been provided with this information.

## II. DISCUSSION

### A. Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856, 114 S. Ct.

---

one state court must file a separate petition covering the judgment or judgments of each court."); see also Magwood v. Patterson, 561 U.S. 320, 334 n.9 (2010); Fields v. New Jersey State Parole Bd., No. 13-7 693, 2015 WL 8216122, at *4 (D.N.J. Dec. 7, 2015). However, although he is not required to do so under the habeas rules, Petitioner "may join claims attacking multiple judgments in 'single court' situations." 1 RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 11.4(a) (6th ed. 2011).

[2] Although the Petition includes a Ground Four (Pet. 11, ECF No. 1), Petitioner uses this section to recite facts, and does not assert any basis for habeas relief. Further, in his submission titled "Briefing on Supporting Facts" (Ex. A, ECF No. 1-2), Petitioner confirms that his three grounds for relief are based on the testimony of three of the State's witnesses which he asserts should have been presented to the jury.

2568, 129 L.Ed.2d 666 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c).  Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4; see Mayle v. Felix, 545 U.S. 644, 655, 125 S. Ct. 2562, 162 L.Ed.2d 582 (2005).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also Harrison v. Schultz, 285 F. App'x 887, 889 (3d Cir. 2008) ("A District Court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition that the petitioner is not entitled to relief.") (citing 28 U.S.C § 2243); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (permitting dismissal where "none of the grounds alleged in the petition would entitle [Petitioner] to relief").

  B. Exhaustion

    The Antiterrorism and Effective Death Penalty Act ("AEDPA") prohibits a District Court from granting habeas relief under §

2254 unless the petitioner has "exhausted the remedies available in the courts of the State". 28 U.S.C. § 2254(b)(1)(A).  In order to exhaust state remedies, a petitioner must "'fairly present' all federal claims to the highest state court before bringing them in federal court". Stevens v. Delaware Corr. Ctr., 295 F.3d 361, 369 (3d Cir. 2002) (citing Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002)).  This requirement ensures that state courts "have 'an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights'." United States v. Bendolph, 409 F.3d 155, 173 (3d Cir. 2005) (quoting Duckworth v. Serrano, 454 U.S. 1, 3, 102 S. Ct. 18, 19, 70 L. Ed. 2d 1 (1981)).  A claim is "fairly presented" when the same claim — i.e., the same legal theory applied to the same facts — has been presented at all available levels of the state judicial system. Anderson v. Harless, 459 U.S. 4, 7, 103 S. Ct. 276, 74 L.Ed.2d 3 (1982); Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012); Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007).  State remedies are not deemed exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); see also Stevens, 295 F.3d at 369.

    Here, Petitioner concedes that he has only recently filed his PCR petition, and that no decision has been rendered. (Pet. 13, ECF No. 1).  Accordingly, his claims are unexhausted and

subject to dismissal for failure to exhaust under 28 U.S.C. § 2254(b)(1).[3]

   C. <u>Stay and Abeyance</u>

As explained in the Court's previous Order, in certain, limited circumstances, a district court may stay a habeas petition and hold it in abeyance while a petitioner returns to state court to exhaust any previously unexhausted claims. <u>Rhines v. Weber</u>, 544 U.S. 269, 275-76, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440 (2005) ("Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court."); <u>see also</u> <u>Williams v. Walsh</u>, 411 F. App'x 459, 461 (3d Cir. 2011) ("Where the timeliness of a habeas corpus petition is at issue, 28 U.S.C. §

---

[3] Alternatively, Petitioner's claims may be denied on the merits, notwithstanding his failure to exhaust state remedies. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). <u>See</u> <u>Carrascosa v. McGuire</u>, 520 F.3d 249, 255 n.10 (3d Cir. 2008) ("There is, however, a difference between granting an unexhausted habeas claim on the merits and denying such a claim on the merits, as recognized by the plain language of section 2254(b)(2) . . . Denying an unexhausted claim on the merits is consistent with the statute"); <u>Taylor v. Horn</u>, 504 F.3d 416, 427 (3d Cir. 2007) ("Here, because we will deny all of Taylor's claims on the merits, we need not address exhaustion"); <u>Bronshtein v. Horn</u>, 404 F.3d 700, 728 (3d Cir. 2005) ("We would permit Bronshtein to attempt on remand to establish a reason to excuse his procedural default, but we find it unnecessary to do so because it is apparent that the claims in question lack merit.  Under 28 U.S.C. § 2254(b)(2), we may reject claims on the merits even though they were not properly exhausted, and we take that approach here").

6

2244(d)(1), a District Court has the discretion to stay a mixed habeas petition to allow complete exhaustion in state court."); see also Heleva v. Brooks, 581 F. 3d 187 (3d Cir. 2009) (holding that petitioner could be eligible for stay-and-abeyance under Rhines standard where § 2254 petition contained only unexhausted claims).

Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  However, "[e]ven where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in [the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA")]. Id. at 277.

   D. Statute of Limitations

Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one year statute of limitations. 28 U.S.C. § 2244; Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013).  Generally, that limitations period runs from the date on which the judgment became final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. Gonzalez v. Thaler, 132 S. Ct. 641, 653-54, 181 L. Ed. 2d 619 (2012).  Additionally, a properly filed post-conviction relief

7

("PCR") application will normally statutorily toll the AEDPA limitations period. See 28 U.S.C. § 2244(d)(2). A state PCR petition is "properly filed" as required to toll the AEDPA statute of limitations when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. See Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). Under New Jersey law, a PCR petition must be filed within five years of the entry of the judgment of conviction. N.J. Ct. R. 3:22-12(a)(1).

  E. Analysis

As explained below, the timeliness concerns discussed in Rhines do not appear to be implicated here; therefore a stay and abeyance is inappropriate. Unlike the Petitioner in Rhines, if the instant Petition is dismissed for failure to exhaust, Petitioner is not in apparent danger of forever losing his opportunity for federal review of his unexhausted claims.

In this case, Petitioner clarifies that he was convicted on September 23, 2011. (Pet'r's Resp. 4, ECF No. 3); see also State v. A.R., No. A-3286-11T1, 2015 WL 5446690, at *1 (N.J. Super. Ct. App. Div. Sept. 14, 2015). Because Petitioner filed a timely direct appeal, requested certification from the New Jersey Supreme Court, and then filed a timely PCR petition, the AEDPA statute of limitations has not begun to run in this case. See 28 U.S.C. § 2244(d)(2); Gonzalez, 132 S. Ct. at 653-54.

8

More specifically, the New Jersey Supreme Court denied certification on January 16, 2016. Pet. 3, ECF No. 1); <u>State v. A.R.</u>, 224 N.J. 124, 129 A.3d 329 (2016).  Thus Petitioner's conviction would not have become final — and the statute of limitations would not begin to run — until the conclusion the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. <u>Gonzalez</u>, 132 S. Ct. at 653-54.  However, on February 10, 2016, before the conclusion of this ninety-day period, Petitioner filed a PCR petition. (Pet. 13, ECF No. 1).  Because the PCR petition was filed within five years of the entry of the judgment of conviction, it appears to be timely filed under New Jersey law, <u>see</u> N.J. Ct. R. 3:22-12(a)(1), and will toll the AEDPA limitations period. <u>See</u> 28 U.S.C. § 2244(d)(2).  Therefore, the Court sees no basis to stay the § 2254 petition and it will be dismissed without prejudice for failure to exhaust state court remedies.[4] <u>See</u> 28 U.S.C. §§ 2254(b)(1)(A), 2254(c).

---

[4] If the state court determines that Petitioner's PCR petition is untimely or that Petitioner is "reasonably confused" as to whether it was "properly filed," then Petitioner may file a motion asking this Court to reconsider the dismissal of this § 2254 Petition as unexhausted and to grant a stay.  Any such motion must specify facts showing the basis for Petitioner's reasonable confusion as to the proper filing of the PCR petition.

### III. CERTIFICATE OF APPEALABILITY

Because Petitioner has not made a substantial showing of the denial of a constitutional right, no Certificate of Appealability will issue pursuant to 28 U.S.C. § 2253(c). See Fed. R. App. P. 22(b)(1).

### IV. CONCLUSION

For the foregoing reasons, the Petition will be dismissed without prejudice as unexhausted and no Certification of Appealability shall issue.

An appropriate Order follows.

    ____s/ Noel L. Hillman____
    NOEL L. HILLMAN
    United States District Judge

Dated: July 26, 2016
At Camden, New Jersey