UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
ANTHONY RULLAN,                    :
                                   :
        Petitioner,                :   Civ. Action No. 16-2332 (NLH)
                                   :
   v.                              :   MEMORANDUM OPINION
                                   :
STATE OF NEW JERSEY, et al.,       :
                                   :
        Respondents.               :
_____:

APPEARANCES:

Anthony Rullan, #723994-561599B
South Woods State Prison
215 Burlington Road
Bridgeton, NJ 08302
    Petitioner Pro se

HILLMAN, District Judge

　　Petitioner Anthony Rullan, a prisoner currently confined at the South Woods State Prison in Bridgeton, New Jersey, has submitted a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 1.)

　　IT APPEARING THAT:

　　1.　In 2011, Petitioner was convicted in New Jersey state court of two counts of offensive touching, one count of endangering the welfare of a child, and two counts of sexual assault. (Pet. 2.) Petitioner's conviction was affirmed on

direct appeal on September 14, 2015 and the New Jersey Supreme Court denied certification on January 15, 2016. (Pet. 3.) In the Petition, Petitioner states that he filed a Petition for Post-Conviction Relief ("PCR") on February 10, 2016 which "has not been heard or yet decided." (Id. at 13). Petitioner then filed the instant habeas Petition, which is dated April 22, 2016. (ECF No. 1.) The Petition raises three grounds for relief based on ineffective assistance of counsel. (Id.)

2. After conducting an initial screening of the Petition, the Court concluded that the claims may be unexhausted and ordered Petitioner to show cause why it should not be dismissed for that reason. (ECF No. 2.) After reviewing Petitioner's subsequent response (ECF No. 3), the Court found that the claims are unexhausted and subject to dismissal for failure to exhaust under 28 U.S.C. § 2254(b)(1). (ECF Nos. 4, 5.)

3. Though a habeas petition can be stayed in certain limited circumstances, see Rhines v. Weber, 544 U.S. 269, 275-76, the Court further found that such circumstances did not exist in this case because there do not appear to be timeliness concerns. (July 26, 2016 Opinion 8, ECF No. 4.) Specifically, because Petitioner filed a timely direct appeal, requested certification from the New Jersey Supreme Court, and then filed a timely PCR petition, the one year statute of limitations which governs habeas petitions has not begun to run in this case. See

2

28 U.S.C. § 2244(d)(2); <u>Gonzalez v. Thaler</u>, 132 S. Ct. 641, 653-54 (2012).

4. When dismissing the Petition, the Court gave Petitioner permission to file a motion for reconsideration if the state court determines that Petitioner's PCR petition is untimely or if Petitioner is "reasonably confused" as to whether it was "properly filed." (July 26th Opinion 9, n.4.) The Court further instructed that any such motion must specify facts showing the basis for Petitioner's reasonable confusion as to the proper filing of the PCR petition. (<u>Id.</u>).

5. On August 28, 2016, Petitioner filed the Motion for Reconsideration currently before the Court. (ECF No. 7.) The contents of that Motion have left the Court confused as to the grounds Petitioner wishes to raise in this matter. Specifically, Petitioner states the following:

> According to my filing on Thur. March 10, 2016 I had sent to the Judicial Officer an information briefing in regarding to the 2011 case. Only in revealing contradiction's of Accuser's. And Failure of Trial Counsel.
>
> Therefore, the accurate ground's were not in it. Just those few from the Appellate Counsel, showing it has been fault.
>
> And on Tue April 12, 2016 Petition Application has been sent in regarding to the 2007 case.[1]

---

[1] As discussed in the Court's previous Opinion, Petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was given Civil Action No. 15-140. However, the Petition filed in that case references a different New Jersey State

3

And by answering question Number 15 in Page 13 within the Petition Application gave me the opportunity to introduse the 2011 case. By revealing some information as to contradiction in hoping that you may see the contradiction's of both case's. As I had explained in the letter dated then June 16, 2016 to show cause (by court order) in case # 1:16-cv-02332 NLH.

Therefore, and on Fri April 22, 2016 Petition Application has been sent regarding to the 2011 case. And a briefing supporting fact's revealing contradiction's. there, again, the proper accurate ground's with explanation of each ground as required were not in it.

The briefing for 2011 which is this case is missing. It has not been sent to you on nether date mentioned above. You only have the Petition Application for the 2011 case and a briefing regarding to the 2007 case supporting fact's which was to be used for cross reference with the 2011 briefing.

I therefore respectively had sent you the missing 2011 briefing which you don't have, within this motion. Therefore, for the purpose of the 2007 briefing is to be used for cross reference with the 2011 briefing which the 2007 briefing was more in focus as introduction with the reflecting similarity and it's contradictions of my accuser's and in connection with this 2011 case.

You had respectively made a ruling based on incorrect information and by a mis of

---

Court case, Case No. A-1828-12T3, with a conviction date of March 14, 2007, and a sentencing date of March 28, 2008. Moreover, Petitioner clarifies in his response to the Order to Show Cause that there exist two separate convictions involving similar allegations and the same parties. (Pet'r's Resp. 3, ECF No. 3). Therefore, although the grounds for relief asserted in both petitions are similar, it appears that the petition in Civil Action No. 15-140 challenges a separate New Jersey State conviction and is properly docketed as a separate case.

>           understanding the detail's of my intentions of
>           which I had provided you with.

(Id. at 2-3.)

    6. As the Court noted in its previous Opinion, the Petition itself raises only three ineffective assistance claims. Though it is not clear, it appears that Petitioner is suggesting that the thirty grounds identified in the "2011 Briefing" attached to the instant Motion are also grounds which he wishes to raise before this Court. However, Petitioner provides no information as to the exhaustion of these thirty issues.[2]

    7. Given the Court's confusion as to the exact claims Petitioner wishes to raise in this matter, and whether said claims are properly exhausted, the Court will require Petitioner to submit an amended petition which includes <u>all</u> claims he wishes to raise challenging his 2011 conviction. He must also provide information regarding the exhaustion of each claim. If the amended petition contains unexhausted claims, Petitioner must file a motion to stay which addresses the considerations outlined in the Court's July 26th Opinion.

    8. Because Petitioner has not made a substantial showing of the denial of a constitutional right, no Certificate of

---

[2] It does appear that the three ineffective assistance of counsel claims from his original Petition are included as Grounds Three through Five of the "briefing."

5

Appealability will issue pursuant to 28 U.S.C. § 2253(c). See Fed. R. App. P. 22(b)(1).

10. An appropriate order follows.

Dated: May 23, 2017　　　　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　　NOEL L. HILLMAN, U.S.D.J.