**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANTHONY RULLAN,** | No. 16-cv-2332 (NLH) |
| Petitioner, | MEMORANDUM OPINION |
| v. | |
| **THE STATE OF NEW JERSEY, et al.,** | |
| Respondents. | |

APPEARANCE:
Anthony Rullan, #723994-561599B
South Woods State Prison
215 Burlington Road
Bridgeton, NJ 08302
    Petitioner Pro se

HILLMAN, District Judge

Petitioner Anthony Rullan, a prisoner presently incarcerated at South Woods State Prison in Bridgeton, New Jersey, has filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. 11, and a Motion to Stay Pending Appeal, ECF No. 10, both on June 19, 2017.  Petitioner filed both documents in response to the Court's Memorandum Opinion and Order dated May 24, 2017, in which the Court directed Petitioner to file one amended petition which includes all claims to be raised as well as information regarding the exhaustion of each claim, and, if any claim remained unexhausted, a motion to stay. See ECF Nos. 8, 9.

1

IT APPEARING THAT:

1. In 2011, Petitioner was convicted in New Jersey state court of two counts of offensive touching, one count of endangering the welfare of a child, and two counts of sexual assault. ECF No. 11 at 2, ¶ 5 (Amended Petition). Petitioner's conviction was affirmed on direct appeal on September 14, 2015, and the New Jersey Supreme Court denied certification on January 15, 2016. Id. at 3.

2. After conducting a screening of the initial Petition, the Court concluded that claims may be unexhausted and ordered Petitioner to show cause why it should not be dismissed for that reason. ECF No. 2. After reviewing Petitioner's response, ECF No. 3, the Court found that the claims in the initial Petition were unexhausted and subject to dismissal for failure to exhaust under 28 U.S.C. § 2254(b)(1). ECF Nos. 4, 5. In that opinion and order, the Court specifically noted that a stay of the Petition would be inappropriate because the statute of limitations for federal habeas relief had not yet begun to run in this case. See ECF No. 4 at 7–9.

3. In that Order, the Court gave Petitioner permission to file a motion for reconsideration if the state court determined that Petitioner's PCR petition was untimely. See ECF No. 8 at 3, ¶ 4. Petitioner filed a Motion for Reconsideration on August 28, 2016. ECF No. 7.

4. In response to the Motion for Reconsideration which referenced additional unexhausted claims not contained in the Petition, the Court denied the Motion for Reconsideration and directed Petitioner to file an Amended Petition containing all claims he wishes to raise with specific information as to the exhaustion of each claim, and, if any claim were to be unexhausted, a motion to stay pending exhaustion in state court. ECF No. 8.

5. On June 19, 2017, Petitioner filed an Amended Petition and a Motion to Stay. ECF Nos. 10, 11. The Amended Petition includes claims that were exhausted on direct appeal, see ECF No. 11 at 3, ¶ 9, but also includes claims that are in the process of being exhausted through PCR proceedings.

6. Specifically, in the Amended Petition, Petitioner states that he filed a Petition for Post-Conviction Relief ("PCR") for the claims not raised on direct appeal on February 10, 2016, which was denied by the Superior Court on September 26, 2016. Id. at 4, ¶ 11. After this denial, Petitioner's PCR counsel filed an appeal of the PCR petition to the Appellate Division, which appeal is still pending. See, e.g., id. at 7, ¶ 12(d)(6). Because these claims are pending review by the Appellate Division, they are unexhausted.

7. In order to exhaust state remedies, a petitioner must "'fairly present' all federal claims to the highest state court

3

before bringing them in federal court." Stevens v. Delaware Corr. Ctr., 295 F.3d 361, 369 (3d Cir. 2002) (citing Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002)).

8. Here, Petitioner states that his PCR petition is still pending before the Appellate Division for claims that were not exhausted on direct appeal. See, e.g., ECF No. 11 at 7, ¶ 12(d)(6) ("awaiting appellate court decision"). Accordingly, those claims presently pending in the PCR petition are unexhausted. As such, the Amended Petition is subject to dismissal for failure to exhaust under 28 U.S.C. § 2254(b)(1)(A) & (c).

9. Petitioner has also filed a document styled "Motion to Stay" pending appeal of his unexhausted federal habeas claims, as he was directed to do by Order dated May 24, 2017. ECF No. 10. The document, however, fails to present any argument in favor of stay and instead discusses the merits of his habeas claims.

10. A district court may stay a habeas petition and hold it in abeyance while a petitioner returns to state court to exhaust any previously unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-76 (2005). In order for a stay to be appropriate, however, the petitioner must present good cause for the failure to exhaust the claims and the timeliness of the habeas petition

must be at issue.  See Williams v. Walsh, 411 F. App'x 459, 461 (3d Cir. 2011).

11.  The Court must deny the Motion to Stay because Petitioner has failed to present good cause for his failure to exhaust and there are no concerns as to timeliness.

12.  Specifically, petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one year statute of limitations.  See 28 U.S.C. § 2244(d)(1)(A).  For the reasons set forth in the Court's Opinion of July 26, 2016, ECF No. 4 at 7-9, the Court continues to find that the statute of limitations applicable to the Amended Petition has not yet begun to run, and thus there is no timeliness concern sufficient to invoke a discretionary stay.  In addition, Petitioner has failed to present any cause for his failure to exhaust.  As such, Petitioner's Motion to Stay is denied.

For the reasons stated above, the Petition is dismissed without prejudice and the Motion to Stay is denied.  An appropriate order follows.


Dated: January 17, 2018          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J